UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Gary Roberts

   v.                                            Civil No. 09-cv-159-PB

Richard Gerry, Warden,
New Hampshire State Prison

**O R D E R**

Before the court for preliminary review is pro se petitioner Gary Roberts' petition for a writ of habeas corpus (document no. 1), filed pursuant to 28 U.S.C. § 2254. See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules") (requiring initial review to determine whether the petition is facially valid and may be served); see also United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing the Magistrate Judge to preliminarily review pro se pleadings).

### Standard of Review

Under this Court's local rules, when an incarcerated petitioner commences an action pro se and in forma pauperis, the Magistrate Judge is directed to conduct a preliminary review. LR 4.3(d)(2). In conducting the preliminary review, the Court

construes pro se pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals). The court must accept as true the plaintiff's factual assertions, see Erickson, 551 U.S. at 94, and any inferences reasonably drawn therefrom. See Centro Medico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 5-6 (1st Cir. 2005); Ayala Serrano v. Lebron Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990). This review ensures that pro se pleadings are given fair and meaningful consideration.

## Background

On January 29, 2007, Gary Roberts was convicted, after a jury trial, of aggravated felonious sexual assault and sentenced

to 8 – 20 years in prison, a sentence he is currently serving. Roberts appealed his conviction on the ground that the trial court had erroneously allowed the admission of highly prejudicial rebuttal testimony against him.  The New Hampshire Supreme Court ("NHSC") affirmed Roberts' conviction on January 25, 2008.

On May 6, 2008, Roberts filed a motion for a new trial in the New Hampshire Superior Court.  In that motion, Roberts sought to have his conviction vacated on the ground that his rights under both the Sixth Amendment and state law were violated when he received ineffective assistance of counsel during his trial. The Superior Court denied the motion on February 9, 2009. Roberts appealed that denial to the NHSC which declined to accept the appeal on April 16, 2009.  Roberts then filed the instant petition for a writ of habeas, asserting the following claims for relief[1]:

   1.   His conviction was obtained in violation of his Sixth
        Amendment right to the effective assistance of counsel
        because his trial counsel failed to adequately
        investigate the case;

   2.   His conviction was obtained in violation of his Sixth
        Amendment right to the effective assistance of counsel

---

[1]The claims as identified herein will be considered to be the claims in this matter for all purposes.  If Roberts disagrees with the claims as identified, he must properly move to amend his petition.

3

>    because his trial counsel failed to call witnesses in
>    Roberts' favor at trial;
>
> 3. His conviction was obtained in violation of his Sixth
>    Amendment right to the effective assistance of counsel
>    because his trial counsel failed to obtain and utilize
>    the services of an expert witness to testify regarding
>    photographic evidence introduced by the prosecution at
>    trial; and
>
> 4. His conviction was obtained in violation of his Sixth
>    Amendment right to the effective assistance of counsel
>    because his trial counsel failed to cross-examine the
>    prosecution's rebuttal witness.

## Discussion

Section 2254(a) confers jurisdiction on this Court to issue "writs of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Accordingly, to seek habeas relief under § 2254, a petitioner must allege both that his state conviction or sentence violates some right accorded to him under federal law, and that he is in custody pursuant to that state conviction or sentence. See Maleng v. Cook, 490 U.S. 488, 491 (1989). As Roberts is presently incarcerated, I find that he has satisfied the custody requirement of § 2254(a).

Roberts must also show that he has exhausted all state court remedies, or that he is excused from exhausting those remedies

because of an absence of available or effective state corrective processes.  See 28 U.S.C. § 2254(b); see also Braden v. 30th Jud. Cir. Ct., 410 U.S. 484, 489-92 (1973); Benson v. Super. Ct. Dep't of Trial Ct., 663 F.2d 355, 358-59 (1st Cir. 1981).  A petitioner's remedies in New Hampshire are exhausted when the state's highest court has had an opportunity to rule on the petitioner's federal constitutional claims.  See Picard v. Connor, 404 U.S. 270, 275 (1971) (requiring petitioner to have fairly presented the federal nature of his claims to the state courts to give them the first opportunity to remedy the claimed constitutional error); Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim to the state appellate courts so that the state had the first chance to correct the claimed constitutional error").  "In order to exhaust a claim, the petitioner must 'present the federal claim fairly and recognizably' to the state courts, meaning that he 'must show that he tendered his federal claim in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question.'" Clements v. Maloney, 485 F.3d 158, 162 (1st Cir. 2007) (quoting Casella v. Clemons, 207

F.3d 18, 20 (1st Cir. 2000) (internal citations omitted)). A petitioner may fairly present a claim by: (1) citing a provision of the federal constitution, (2) presenting a federal constitutional claim in a manner that fairly alerts the state court to the federal nature of the claim, (3) citing federal constitutional precedents, (4) claiming violation of a right specifically protected in the federal constitution, or, in some circumstances, (5) citing to state court decisions that rely on federal law or articulation of a state claim that is indistinguishable from one arising under federal law. Clements, 485 F.3d at 162 (citing Gagne v. Fair, 835 F.2d 6, 7 (1st Cir. 1987) and Nadworny v. Fair, 872 F.2d 1093, 1099–1100 (1st Cir. 1989)); see Baldwin v. Reese, 541 U.S. 27, 32 (2004) (A litigant wishing to raise a federal issue can exhaust the federal issue in the state courts "by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'"); cf. Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988) (finding that simply reciting facts underlying a state claim, where those facts might support either a state or federal

claim, without more, is clearly inadequate to constitute fair presentation of a federal claim to a state court).

With his petition, Roberts has submitted the "Amended Motion for New Trial" that he submitted to the Superior Court. In that motion, Roberts sets out each of the claims raised here, including the federal constitutional nature of each claim. In addition the Superior Court's ruling denying Roberts' motion, which is also attached to Roberts' petition, relies on both the state and federal constitutional standards referenced by Roberts.

Roberts has not submitted the notice of appeal filed in the NHSC in this matter. It is not possible for me to determine with certainty, therefore, that he has raised the precise federal claims raised in this petition in that Court. However, the thoroughness with which those issues are raised in his Superior Court motion, and the treatment of Roberts' claims in the Superior Court's decision on that motion, allow me to reasonably infer that Roberts' claims here, including the federal nature of the claims, were very likely raised in the notice of appeal filed in the NHSC.[2] Accordingly, for purposes of preliminary review, I

---

[2]Additionally, there are notations on the attachments submitted with Roberts' petition numbering certain pages ANOA 1- ANOA 17. Although no interpretation is offered by Roberts, I suspect these numbers refer to an "Appendix to Notice of Appeal"

find that the petition sufficiently demonstrates exhaustion of the claims therein to allow it to proceed.

## Conclusion

As petitioner is in state custody and appears to have exhausted the state remedies which are available for the claims presented here, the petition may be considered. See 28 U.S.C. § 2254(a) and (b) (providing that the writ "shall not be granted" unless petitioner is in state custody and has exhausted all available or effective state remedies). Accordingly, I order the petition to be served on respondent. See § 2254 Rule 4.

The petition shall be served on respondent, which shall file an answer or other pleading in response to the allegations made therein. See id. (requiring reviewing judge to order a response to the petition). The Clerk's office is directed to serve the New Hampshire Office of the Attorney General as provided in the Agreement On Acceptance Of Service, copies of this Order and the habeas petition (document no. 1). Respondent shall answer or otherwise plead within thirty (30) days of the date of this

---

submitted to the NHSC. The pages so notated, if in fact they were submitted to the NHSC, demonstrate exhaustion of the claims presented here.

Order.  The answer shall comply with the requirements of § 2254 Rule 5 (setting forth contents of the answer).

Upon receipt of the response, the Court will determine whether a hearing is warranted.  See § 2254 Rule 8 (providing circumstances under which a hearing is appropriate).

Petitioner is referred to Fed. R. Civ. P. 5, which requires every pleading, written motion, notice, and similar paper, after the petition, to be served on all parties.  Such service is to be made by mailing the material to the parties' attorneys.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:    June 11, 2009

cc:      Gary Roberts, pro se