**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

**Gary Roberts**

  **v.**          Case No. 09-cv-159-PB
               Opinion No. 2009 DNH 138
**Commissioner, NH Department
of Corrections**

**O R D E R**

  Gary Roberts has filed a habeas corpus petition challenging his state court conviction.  The Warden has responded with a motion for summary judgment.  For the reasons set forth in this Order, I grant the Warden's motion.

  Roberts initially objects to the fact that the Warden filed a trial transcript with the court but did not provide him with a copy.  He also faults the Warden for seeking summary judgment without producing a transcript of the evidentiary hearing that the state court relied on in rejecting his ineffective assistance of counsel claims.  Neither argument has merit.

  Although the Warden did not provide Roberts with a copy of the trial transcript when the motion for summary judgment was filed, it is evident from Roberts' own summary judgment motion that he has access to the trial transcript.  Thus, this claimed

error is inconsequential.

Roberts' challenge to the Warden's failure to produce a transcript of the ineffective assistance of counsel hearing is equally unavailing.  The state court judge who ruled on the ineffective assistance of counsel issue prepared a detailed written decision making findings and rulings on Roberts' ineffective assistance of counsel claims.  Roberts has failed to offer any credible arguments that call the court's fact finding into question.  Even if, as he claims, the transcript would reveal a conflict between his attorney's testimony and the testimony of the witnesses that counsel allegedly failed to adequately investigate, (See Petr.'s Mot. at 7), I would not be free to disregard the state court's reasonable resolution of this alleged conflict.  Nor would any alleged admission by counsel at the hearing that she failed to cross-examine the state's rebuttal witness (See Petr.'s Mot. at 12) permit me to disregard the state court's decision to credit defense counsel's testimony.  As these are the only specific instances in which Roberts claims the hearing transcript could support his petition, I need not order a transcript before ruling on the Warden's summary judgment motion.

In evaluating the merits of Roberts' habeas corpus petition, I employ the familiar standards of review required by the Anti-

Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2254 and
the familiar Strickland test for ineffective assistance of
counsel claims.  Strickland v. Washington, 466 U.S. 668, 687
(1984); Sleeper v. Spencer, 510 F.3d 32, 37–38 (1st Cir. 2007).

Roberts argues that I should disregard the trial court's
rejection of his ineffective assistance of counsel claims because
the court's rulings are based on an unreasonable determination of
the facts.  As the First Circuit explained in Sleeper, findings
of fact by a state court are presumed to be correct and this
presumption can be overcome only by "clear and convincing
evidence to the contrary."  Id.  Here, even if I credit
everything Roberts has to say about the state court hearing on
his ineffective assistance of counsel claims, he does not come
close to meeting this standard.  As I have explained, the only
two instances in which Roberts has posited a conflict between the
state court's factual findings and the evidentiary record do not
call into question the state court's ultimate rulings.  Thus,
they do not provide Roberts with a legitimate basis for his
petition.

Having carefully reviewed the pleadings, the state court's
rulings on the ineffective assistance claim and the relevant
portions of the trial transcript, I am convinced that Roberts'

–3–

ineffective assistance of counsel claims were correctly rejected by the trial court.  Accordingly, I grant the Warden's motion for summary judgment (Doc. No. 6) and deny Roberts' cross-motion for summary judgment (Doc. No. 7).  The clerk is instructed to enter judgment for the defendant and close the case.

 SO ORDERED.

      /s/Paul Barbadoro
      Paul Barbadoro
      United States District Judge

September 15, 2009

cc:  Gary Roberts, pro se
  Elizabeth Woodcock, Esq.